CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JAN 29 2010

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

1  Attorneys for Plaintiff
2  ACCESS DESIGNS, INC.

3             UNITED STATES DISTRICT COURT
4              WESTERN DISTRICT OF VIRGINIA

5  Access Designs, Inc., a Virginia     Case No. 3:10CV00005
6  corporation,

7
8              Plaintiff,

9       vs.

10
   The BathWorks Company,
11 Greg Murphy, and
   Ellen Murphy,
12
13             Defendants.

COMPLAINT - ACCESS DESIGNS, INC. V. THE BATHWORKS COMPANY ET AL.

# COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION.

Plaintiff, Access Designs, Inc., by its attorneys identified below, brings this action against Defendants, The BathWorks Company, Greg Murphy, and Ellen Murphy ("Defendants"), and alleges that:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of Virginia, having corporate offices at 1304 East Market Street, Suite P Charlottesville, Virginia 22902.

2. On information and belief, Defendant The BathWorks Company ("BathWorks") is a company existing under the laws of Rhode Island, having offices at 42 Rosewood Lane, Cumberland, RI 02864, and is conducting business in this District and elsewhere.

3. On information and belief, Defendant Greg Murphy is an individual having an address at 42 Rosewood Lane, Cumberland, RI 02864, is a principal of BathWorks, and/or directs the operations of BathWorks (or alternatively, Defendant Individual and BathWorks are alter egos).

4. On information and belief, Defendant Ellen Murphy is an individual having an address at 42 Rosewood Lane, Cumberland, RI 02864, is a principal of BathWorks, and/or directs the operations of BathWorks (or alternatively, Defendant Individual and BathWorks are alter egos).

## ALLEGATIONS COMMON TO ALL COUNTS

5. This action arises under the federal trademark, unfair competition, and dilution laws for trademark infringement, as a result of Defendants' willful infringement of valid rights in the Plaintiffs TubcuT trademark, as hereinafter

THE ZOBRIST LAW GROUP
ATTORNEYS AT LAW

1
COMPLAINT - ACCESS DESIGNS, INC. V. THE BATHWORKS COMPANY ET AL.

1 defined, and other unlawful activities conducted by Defendants in connection with such infringement.

6. This court has jurisdiction under 15 U.S.C. Section 1121, and 28 U.S.C. Sections 1331, 1332, and 1338. The amount in controversy exceeds the sum or value of $75,000 exclusive of interests and costs

7. Venue is proper under 28 U.S.C. Sections 1391(b) and (c).

8. Plaintiff has been and now is extensively engaged in the business of selling goods and services ("Plaintiff's Goods and Services") under the trademark "TubcuT" ("the Mark") continuously since at least 2001 in interstate commerce.

9. The Mark is used extensively on and in connection with Plaintiff's Goods and Services, e.g., on its products, in brochures and other printed promotional materials distributed by Plaintiff, and on the Internet.

10. Plaintiff's Goods and Services in connection with which the Mark has been used have been extensively promoted and marketed through various forms of media. As a result of such promotional and marketing efforts, and the quality of Plaintiffs Goods and Services, the Mark has become widely and favorably known, a valuable asset of Plaintiff and symbol of its goodwill, and has acquired distinctiveness and secondary meaning.

11. In recognition of the valuable goodwill and rights in the Mark owned by Plaintiff, the United States Patent and Trademark Office ("USPTO") has granted Unites States Trademark Registration No. 3663121 to the Mark (Exhibit A).

12. The registration is in full force and effect and uncancelled and constitutes conclusive evidence of the validity of the Mark, Plaintiff's ownership thereof, and its exclusive right to use the Mark throughout the United States subject to conditions set out by the USPTO.

13. On information and belief, Defendants are also engaged in the business of selling goods and/or services ("Defendants' Goods and Services") in competition with Plaintiff.

THE ZOBRIST LAW GROUP
ATTORNEYS AT LAW

2

COMPLAINT - ACCESS DESIGNS, INC. V. THE BATHWORKS COMPANY ET AL.

14. Defendants conduct business activities from at least one business establishment in this District and/or over the Internet.

15. Defendants were a former representative of Access Designs.

16. On information and belief, as a former representative of Access Designs, Defendants had actual knowledge of Plaintiff's Mark and proprietary technology.

17. On information and belief, subsequent to termination of Defendants as representatives of the Plaintiff, the Defendants have used the phrases "Tubcut" and "Tubcuts" in advertising their goods and services (Exhibits B and C).

18. Upon termination of Defendants as representatives of the Plaintiff, the Defendants were formally advised that further use of the Mark and/or confusingly similar marks was unlawful, yet Defendants have continued to willfully infringe the Mark.

19. On information and belief, the phrase "Tubcuts" and "TubcuT" are confusingly similar to the mark "TubcuT", which has created and continues to create a likelihood of confusion of origin among purchasers of goods and/or services provided by the Defendants.

20. On information and belief, Defendants have pirated the Plaintiff's proprietary technology and are using that technology in goods and/or services that they are selling.

21. Notwithstanding Plaintiff's continuous and exclusive use of and well-known prior rights in its Mark, Defendants have sought to compete unfairly with Plaintiff by appropriating for use the Mark on and in connection with goods and/or services that are identical or substantially identical to Plaintiff's Goods and Services.

## COUNT I
### Violation of 15 U.S.C. Section 1114
### Federal Trademark Infringement

22. Plaintiff incorporates by reference the allegations of Paragraphs 1-21.

THE ZOBRIST LAW GROUP
ATTORNEYS AT LAW

3
COMPLAINT - ACCESS DESIGNS, INC. V. THE BATHWORKS COMPANY ET AL.

23. The unauthorized use by Defendants of Plaintiff's Mark on goods and services identical or substantially identical to those of Plaintiff is likely to cause confusion, mistake, or deception and thus infringer Plaintiffs trademark rights in its federally registered mark under 15 U.S.C. Section 1114.

24. On information and belief, the misappropriation of the Mark by Defendants on and in connection with goods and services identical or substantially identical to those of Plaintiff is part of a deliberate plan to trade on the valuable goodwill established in such marks.

25. With knowledge of the plaintiff's ownership of the Mark, and with the deliberate intention to unfairly benefit from the goodwill generated thereby, the actions of Defendants have been carried out in willful disregard of Plaintiffs rights in violation of 15 U.S.C. Section 1114.

26. On information and belief, Plaintiff has been injured by diversion of sales from itself to the Defendants.

27. On information and belief, Plaintiff has been injured by dilution of the value of the Mark by the Defendants.

28. No adequate remedy at law exists to make the Plaintiff whole for the Defendants' continued willful infringement of Plaintiff's Mark.

29. On information and belief, this Complaint is likely to succeed on its merits.

30. On information and belief, irreparable harm has been done, and continues to be done, to the Plaintiff as a result of Defendants continued willful infringement of Plaintiff's Mark.

31. On information and belief, Defendants will experience no significant hardships as a consequence of being barred from infringing Plaintiff's Mark.

32. On information and belief, the public interest will be served by barring Defendants from infringing Plaintiff's Mark because the likelihood of confusion among consumers will be eliminated.

THE ZOBRIST LAW GROUP
ATTORNEYS AT LAW

4
COMPLAINT - ACCESS DESIGNS, INC. V. THE BATHWORKS COMPANY ET AL.

## COUNT II
### Violation of 15 U.S.C. Section 1125(a)
### Federal Unfair Competition

33. Plaintiff incorporates by reference the allegations of Paragraphs 1-32.

34. Upon information and belief, the unauthorized use by Defendants in commerce of Plaintiffs Mark on goods and services identical or substantially identical to that of Plaintiff is likely to cause the public to mistakenly believe that Defendants' business activities and goods and services originated from, are sponsored by, or are in some way associated with Plaintiff, constitutes false designations of origin or false descriptions or representations and is likely to cause the Mark to lose its significance as indicators of origin.

35. No adequate remedy at law exists to make the Plaintiff whole for the Defendants' continued unfair competition and ongoing use of Plaintiff's proprietary technology.

36. On information and belief, this complaint is likely to succeed on its merits.

37. On information and belief, irreparable harm has been done, and continues to be done, to the Plaintiff as a result of Defendants' continued willful use of Plaintiff's proprietary technology.

38. On information and belief, Defendants will experience no significant hardships as a consequence of being barred from using the proprietary technology pirated from the Plaintiff.

39. On information and belief, the public interest will be served by barring Defendants from using Plaintiff's proprietary technology because development of valuable proprietary technologies is incentivized by providing legal protection for such technologies.

40. Upon information and belief, the actions by Defendants are in violation of 15 U.S.C. Section 1125(a). Defendants; and otherwise infringing rights in the Mark, and competing unfairly with Plaintiff.

THE ZOBRIST
LAW GROUP
ATTORNEYS AT LAW

5
COMPLAINT - ACCESS DESIGNS, INC. V. THE BATHWORKS COMPANY ET AL.

41. That Defendants willfully infringed Plaintiffs rights.

### REQUEST FOR RELIEF

A. That Defendants be required to pay to Plaintiff such damages, statutory or otherwise greater than $100,000 pursuant to 15 U.S.C. Section 1117, together with prejudgment interest thereon, as Plaintiff has sustained as a consequence of Defendants' wrongful acts.

B. Order the disgorgement of all of Defendant's profits and advantages wrongfully gained by Defendants related to Defendant's misconduct pursuant to 15 U.S.C. Section 1117(a)(1), estimated to be greater than $100,000.

C. That all damages sustained by Plaintiff be trebled pursuant to 15 U.S.C. Section 1117(a).

D. That Defendants be required to pay to Plaintiff attorney's fees, expenses, and costs incurred in this action pursuant to 15 U.S.C. Section 1117(a)(3).

E. That Defendants deliver up for impoundment during the pendency of this action, and for destruction upon entry of judgment, all products, fixtures, writings, signage, art work, and other material which infringe Plaintiffs rights, falsely designate source or origin, or otherwise facilitate Defendants' unfair competition with Plaintiff.

F. That Defendants notify all third-party search engine operators of this order and request that such operators assure there is no longer any association between any of Plaintiff's marks or slogans with any Web site operated or controlled by the Defendants.

G. Permanently enjoin Defendants from use of Plaintiff's Mark and/or any confusingly similar marks.

THE ZOBRIST LAW GROUP
ATTORNEYS AT LAW

6
COMPLAINT - ACCESS DESIGNS, INC. V. THE BATHWORKS COMPANY ET AL.

H.  Permanently enjoin Defendants from use of Plaintiff's proprietary technologies for modification of bathtubs for access by handicapped persons.

I.  That Defendants be directed to file with this court and serve on Plaintiff within thirty (30) days after the service of an injunction, a written report under oath setting forth in detail the manner and form in which Defendants have complied with this injunction.

J.  That plaintiff be granted such further relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff hereby request as trial by jury.

Respectfully submitted,

Dated: January 27, 2010

The Zobrist Law Group

by _____
Dale R. Jensen
Attorneys for Defendant & Counterclaimant
ACCESS DESIGNS, INC.

THE ZOBRIST LAW GROUP
ATTORNEYS AT LAW

7
COMPLAINT - ACCESS DESIGNS, INC. V. THE BATHWORKS COMPANY ET AL.